Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the

Northern District of Mississippi  ▾

OXFORD__ Division

**RECEIVED**

**MAY 0 6 2025**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

PRO SE PLANTIFF
COLBY HALL
129 CR 2790
GUNTOWN,MS 38849

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

EQUIFAX INFORMATION SERVICES,LLC
EXPERIAN INFORMATION SOLUTIONS,LLC
TRANSNION,LLC

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. __3:25-cv-141-SA-JMV__

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑Yes ☐No

## COMPLAINT FOR A CIVIL CASE

**I.      The Parties to This Complaint**

**A.      The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | COLBY HALL |
| Street Address | 129 CR 2790 |
| City and County | GUNTOWN,LEE |
| State and Zip Code | MS,38849 |
| Telephone Number | 6624329911 |
| E-mail Address | colby17hall@gmail.com |

**B.      The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | EQUIFAX INFORMATION SERVICES,LLC |
| Job or Title *(if known)* | c/o Corporation Service Company (CSC) |
| Street Address | 7716 Old Canton Road Suite C |
| City and County | Madison, Madison |
| State and Zip Code | MS 39110 |
| Telephone Number | 404-885-8500 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Experian Information Solutions, Inc. |
| Job or Title *(if known)* | c/o CT Corporation System |
| Street Address | 645 Lakeland East Drive |
| City and County | Flowood, Rankin |
| State and Zip Code | MS 39232 |
| Telephone Number | 714-830-7000 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | TransUnion, LLC |
| Job or Title *(if known)* | CT Corporation System |
| Street Address | 645 Lakeland East Drive |
| City and County | Flowood, Rankin |
| State and Zip Code | MS 39232 |
| Telephone Number | 312-985-2000 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question            ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

15 U.S.C. § 1681e(b) Failure to maintain reasonable procedures to assure maximum possible accuracy
15 U.S.C. § 1681i Failure to reinvestigate disputed information
15 U.S.C. § 1681n Willful noncompliance with the FCRA – statutory and punitive damages
15 U.S.C. § 1681o Negligent noncompliance – actual damages

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

     a.    If the plaintiff is an individual

     The plaintiff, *(name)* COLBY HALL , is a citizen of the State of *(name)* MISSISSIPPI .

     b.    If the plaintiff is a corporation

     The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

     a.    If the defendant is an individual

     The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b.    If the defendant is a corporation

The defendant, *(name)* EQUIFAX, LLC _____, is incorporated under

the laws of the State of *(name)* Georgia _____, and has its

principal place of business in the State of *(name)* Georgia _____.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

The amount in controversy exceeds $75,000 because Plaintiff seeks $900,000.00 in actual, statutory, punitive, and emotional distress damages resulting from willful violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.) and the Mississippi Consumer Protection Act.

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.
see attached.

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff seeks $900,000 in total monetary damages for actual harm, statutory violations, willful misconduct, and severe emotional distress arising from the defendants' failure to comply with the Fair Credit Reporting Act and Mississippi Consumer Protection law.

see attached.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    **5/6/25**

Signature of Plaintiff    _Colby Hall_

Printed Name of Plaintiff    COLBY HALL

129 CR 2790
Gurtawn, MS 38849

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b.    If the defendant is a corporation

The defendant, *(name)*   TransUnion, LLC,                        , is incorporated under

the laws of the State of *(name)*    DELEWARE                        , and has its

principal place of business in the State of *(name)*    ILLINOIS                        .

Or is incorporated under the laws of *(foreign nation)*                        ,

and has its principal place of business in *(name)*                        .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

The amount in controversy exceeds $75,000 because Plaintiff seeks $900,000.00 in actual, statutory, punitive, and emotional distress damages resulting from willful violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.) and the Mississippi Consumer Protection Act.

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.
SEE ATTACHED

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

SEE ATTACHED

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

    b.    If the defendant is a corporation

The defendant, *(name)* Experian Information Solutions, Inc. , is incorporated under the laws of the State of *(name)* OHIO , and has its principal place of business in the State of *(name)* CALIFORNIA .

Or is incorporated under the laws of *(foreign nation)* ,

and has its principal place of business in *(name)* .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

The amount in controversy exceeds $75,000 because Plaintiff seeks $900,000.00 in actual, statutory, punitive, and emotional distress damages resulting from willful violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.) and the Mississippi Consumer Protection Act.

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

SEE ATTACHED

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

SEE ATTACHED

Between February 2025 and May 2025, Plaintiff submitted certified disputes to all three major credit bureaus: Experian, Equifax, and TransUnion, detailing inaccuracies and requesting corrections to multiple closed tradelines.

Experian received formal disputes in February and March 2025 but continued to report charge-off notations on accounts that were already closed and previously charged off. Experian re-aged these accounts by updating the "date of last activity" beyond what was accurate. This violates 15 U.S.C. § 1681e(b) for failing to maintain maximum possible accuracy and § 1681i for failing to reinvestigate disputed data. Experian also failed to provide any meaningful response to a formal complaint filed with the Consumer Financial Protection Bureau (CFPB) in March 2025.

Equifax was also served with multiple disputes during the same time period, yet similarly continued to publish outdated derogatory data. Equifax repeatedly reported monthly "CO" (charge-off) notations well after the tradelines were closed, which constitutes re-aging and violates 15 U.S.C. § 1681e(b) and § 1681i. Equifax also sent generic responses and failed to update or verify the disputed information in accordance with Metro 2 guidelines.

TransUnion accepted disputes in February and again in May 2025, but rather than correcting the errors, TransUnion entirely suppressed a known tradeline—omitting it from Plaintiff's credit file altogether. This made the report incomplete and misleading, which is a violation of § 1681e(b), and TransUnion failed to provide any verification or reinsertion notice, violating § 1681i. Suppression of tradelines following a dispute is also considered deceptive under Miss. Code Ann. § 75-24-5.

Each Defendant had independent notice of these disputes and evidence. The violations are ongoing as of May 2025. Due to these failures, Plaintiff suffered actual harm, including multiple denials of credit, inflated interest rates, and was forced to take out a predatory loan from Lucent Cash (700%+ APR) in March 2025 after Plaintiff's daughter was hospitalized in an emergency 11-day stay.

Plaintiff now seeks redress under 15 U.S.C. §§ 1681e(b), 1681i, 1681n, 1681o and Mississippi Code § 75-24-5, and reserves the right to amend upon discovery.

Plaintiff seeks $900,000 in total monetary damages for actual harm, statutory violations, willful misconduct, and severe emotional distress arising from the defendants' failure to comply with the Fair Credit Reporting Act and Mississippi Consumer Protection law.

Breakdown of damages:

- $200,000 in actual damages due to credit denials, inability to access conventional financing, and reliance on a 700% APR predatory loan

- $100,000 in statutory damages under 15 U.S.C. § 1681n for willful violations by Experian, Equifax, and TransUnion

- $300,000 in punitive damages for deliberate and reckless violations of Plaintiff's consumer rights, including re-aging and suppression of tradelines

- $120,000 tied to systemic and documented Metro 2 violations, supporting claims under § 1681e(b) for failure to ensure maximum accuracy

- $95,000 under Miss. Code Ann. § 75-24-5, for unfair and deceptive business practices by TransUnion

- $85,000 in emotional distress damages, including trauma linked to a family medical emergency that coincided with ongoing credit harm

Plaintiff further seeks declaratory relief that each defendant violated applicable federal and state law, and requests any additional relief this Court deems just and proper