**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**COLBY HALL**                                                                                                                                   **PLAINTIFF**

**VS.**                             **CIVIL ACTION NO.: 3:25-cv-141-SA-JMV**

**EQUIFAX INFORMATION SERVICES, LLC, ET AL.**             **DEFENDANTS**

**ORDER STRIKING AND SEALING AMENDED COMPLAINTS AT [DOC. 20] AND
[DOC. 23] AND TERMINATING AS MOOT MOTIONS
[DOC. 24], [DOC. 27] AND [DOC. 31]**

      The *pro se* Plaintiff, Colby Hall, filed his complaint [Doc. 1] on May 6, 2025. Since that date, he has filed a First Amended Complaint [Doc. 18] on June 4, 2025, an additional First Amended Complaint [Doc. 20] on June 6, 2025, and a Second Amended Complaint [Doc. 23] on June 10, 2025. However, because Plaintiff's time for amending once as a matter of course (that is, without leave of court to do so) expired with the filing of his first First Amended Complaint on June 4, 2025, he must have sought leave from the Court to make amendments beyond that date. Accordingly, the amended complaints dated June 6, 2025 and June 10, 2025, appearing at [20] and [23] respectively, shall be stricken.

      Following the filing of the First Amended Complaint [Doc. 18], any additional amendments fall under Fed. R. Civ. P. 15(a)(2), which states that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Further, Local Uniform Civil Rule 15 states that "If leave of court is required under Fed. R. Civ. P. 15, a proposed amended pleading must be an exhibit to a motion for leave to file the pleading." Plaintiff's failure to seek leave of Court prior to filing the additional First Amended Complaint [Doc. 20] or the Second Amended Complaint [Doc. 23], makes those filing improper. Therefore, the additional First

1

Amended Complaint [Doc. 20] and Second Amended Complaint [Doc. 23] shall be and are hereby stricken and sealed.

Accordingly, at this time, the First Amended Complaint [Doc. 18], which names as defendants Equifax Information Services, LLC, Experian Information Solutions, LLC, and Transunion, LLC, is the operative complaint in this case,[1] which means it is the complaint to be served upon the defendants along with appropriate summonses in accordance with Fed. R. Civ. P. 4. The Court notes that attached to the operative complaint is a document entitled Exhibit 1 to [Doc. 18], "Exhibits to First Amended Complaint." That purported Exhibit itself has a list of Exhibits A-F. However, only Exhibit A, "Statement of Damages of Bureau and Tradeline" is actually attached to the First Amended Complaint [Doc. 18].

Further, on June 10, 2025, Plaintiff filed a collection of documents, two of which were docketed by the Clerk as motions: the first is entitled, "Motion to Strike or Seal Exhibits Containing Unredacted Sensitive Information" [Doc. 24] and the second of which is entitled, "Motion to Seal and Substitute Exhibits A-F" [Doc. 27]. As best as the undersigned can discern, these motions request that the Court seal, strike, or restrict access to various exhibits to the second of the two First Amended Complaints [Doc. 20] or Second Amended Complaint [Doc. 23], both of which have already been stricken and sealed by virtue of this Order due to failure to comply with the Fed. R. Civ. P. 15 or L.U. Civ. R. 15. Accordingly, the "Motion to Strike or Seal Exhibits Containing Unredacted Sensitive Information" [Doc. 24] and the "Motion to Seal and Substitute Exhibits A-F" [Doc. 27] shall be and are hereby terminated as moot.

---

[1] The First Amended Complaint [Doc. 18] is four pages long and has two exhibits attached to it: the first of which contains two pages and is titled "Exhibits to First Amended Complaint," and the second exhibit, which is entitled, "Statement of Damages by Bureau and Tradeline."

2

Then, on June 17, 2025, Plaintiff filed a "Request for Provisional Restriction of Public Access to June 6, 2025, Filings Pending Ruling on Motion to Seal" [Doc. 31], the same making apparent reference to the second First Amended Complaint [Doc. 20]. The Court finds that this motion should also be terminated as moot being that the second First Amended Complaint [Doc. 20] has been stricken and sealed in light of this Order, as stated above, for failure to comply with the Federal and Local Rules.

Plaintiff is instructed that should he desire to amend his complaint in the future, he must first file a motion seeking leave from the Court to do so. Plaintiff must also attach any proposed amended complaint as an exhibit to the motion in accordance with the Rules, along with any proposed exhibits to the proposed amended complaint.[2]

The Court will construe Plaintiff's filings liberally because he is a *pro se* litigant. *Collins v. Dallas Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023). However, the Court raises as a concern that since the complaint was filed on May 6, 2025, Plaintiff has filed a large number of documents, declarations, and motions that seem excessive for a case of this type, which is not to be tolerated in this District. *See Newbern v. Desoto County School District, et al.*, 3:24-cv-283-MPM-RP, Order Regarding Excessive Motions [Doc. 104] ("Even a cursory review of the docket leads inescapably to the conclusion that the pro se plaintiff has, in fact, filed a dramatically larger number of motions than is typical or appropriate for a case of this nature. . . . this court will not permit plaintiff to unduly burden Judge Percy and his staff with unnecessary and burdensome motions."). In order to conserve judicial resources, judges in other districts have made similar rulings regarding excessive filings. *Kaminetzky v. Frost Nat. Bank of Houston*, 881 F. Supp. 276

---

[2] It bears noting that should Plaintiff seek for any exhibits to be sealed or restricted, a motion to seal or restrict must be filed contemporaneously with the motion to amend the complaint, in accordance with and as required by L.U. Civ. R. 79.

3

(S.D. Tex. 1995) (holding that the court is authorized to enjoin further filings without leave of court when necessary to deter vexatious filings that are flagrant abuse of judicial process); *see Bourbeau v. Franzen*, No. 97 C 4601, 1998 WL 565042, at *1–2 (N.D. Ill. Aug. 31, 1998) ("Plaintiff is a prolific writer. He has filed an inordinate amount of correspondence related to his pleadings and legal claims. Although, as a *pro se* litigant, the court reads his pleadings liberally, nevertheless the court will not consider the voluminous correspondence to the court that is not construed as pleadings. Plaintiff is advised, therefore, that such inundation of correspondence and affidavits and other miscellaneous documents will not be reviewed by the court in the future. He should, therefore, limit his filings to actual pleadings."); *see also Sweigert v. Goodman*, No. 18-CV-8653 (VEC), 2022 WL 168080, at *10 (S.D.N.Y. Jan. 19, 2022) (the parties were instructed to "refrain from filing excessively, from repeatedly amending their filings, and from filing responses to [c]ourt orders and the opposing party in a piecemeal fashion."). Thus, the Court cautions the *pro se* Plaintiff here that inundation of correspondence, declarations, and other miscellaneous documents will not advance the *pro se* Plaintiff's cause; rather, he should limit his filings to actual pleadings and appropriate motions and avoid repeated amendments in piecemeal fashion.

In conclusion, the Clerk is directed to strike and seal the additional (aka second) First Amended Complaint [Doc. 20] and Second Amended Complaint [Doc. 23]. The Clerk is further directed to terminate the "Motion to Strike or Seal Exhibits Containing Unredacted Sensitive Information" [Doc. 24], the "Motion to Seal and Substitute Exhibits A-F" [Doc. 27], and the "Motion for Provisional Restriction of Public Access to June 6, 2025, Filings Pending Ruling on Motion to Seal" [Doc. 31] as moot.

**SO ORDERED** this, the 18th day of June, 2025.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**