IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**COLBY HALL**                                                                                                       **PLAINTIFF**

**v.**                                                          **Civil Action No. 3:25-cv-141-SA-JMV**

**EQUIFAX INFORMATION SERVICES, LLC, ET AL.**               **DEFENDANTS**

## ORDER

Before the Court are Plaintiff's Motion for Leave to Supplement the Record [Doc. 44], Motion to Restrict Exhibits D and E [Doc. 45], Motion for Leave to Supplement the Record [Doc. 61], Motion to Restrict Exhibits F-1 through F-6 [Doc. 62], Motion for Leave to File Final Amended Complaint [Doc. 68], and Motion to Restrict Exhibits F-7 to F-21 to Final Amended Complaint [Doc. 70]. Having considered the motions and the applicable law, for the reasons explained in more detail herein, the Court finds that the foregoing motions should be denied.

### Procedural History

Plaintiff, who is proceeding *pro se*, initiated this action by filing a Complaint on May 6, 2025 [Doc. 1]. Following several attempts to file several amended complaints, on June 20, 2025, the Court entered an order [Doc. 38] permitting the filing of a Second Amended Complaint, which the Plaintiff filed on June 20, 2025. [Doc. 39]. This Second Amended Complaint [Doc. 39] is presently the operative complaint.

Thereafter, the six motions that are the subject of this order were filed: Plaintiff's Motion for Leave to Supplement the Record [Doc. 44] and Motion to Restrict Exhibits D and E [Doc. 45] were filed on June 30, 2025; then, on July 16, 2025, Plaintiff filed a Motion for Leave to Supplement the Record [Doc. 61] and Motion to Restrict Exhibits F-1 through F-6 [Doc. 62]; and

1

on July 21, 2025, Plaintiff filed a Motion for Leave to File Final Amended Complaint [Doc. 68] and Motion to Restrict Exhibits F-7 to F-21 to Final Amended Complaint [Doc. 70].[1]

Most recently, on August 4, 2025, Plaintiff filed a Motion for Leave to File Supplemented Second Amended Complaint and Withdraw Prior Pleadings [Doc. 89]. In Plaintiff's declaration filed in support of said motion, he avers that he "conferred in good faith with counsel for all Defendants on August 2-3, 2025, via email seeking their consent to this Motion for Leave. Defendants' counsel declined to agree." Exhibit 2 to [Doc. 89]. He further requests in his prayer for relief that the Court enter an order . . . withdrawing and superseding all prior complaints and amendments." [Doc. 89] at 2.[2]

## Law and Analysis

At the outset, the court notes that because Plaintiff is *pro se*, his pleadings are viewed with a certain leniency. *Sargent v. Tate Cnty., Mississippi,* 2025 WL 980078, at *1 (N.D. Miss. Apr. 1, 2025), citing *Bourne v. Gunnels*, 921 F.3d 484, 490 (5th Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). *See also, Tucker v. Gaddis*, 40 F.4th 289, 292 (5th Cir. 2022) (citing *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019)) ("The filings of a pro se litigant are to be liberally construed"). Certainly, a *pro se* litigant cannot be expected to plead his case as would a licensed attorney. *Id.* Nevertheless, a *pro se* litigant's pleadings must still comply with the rules governing civil procedure. *See Yazdchi v. Am. Honda Fin. Corp.*, 217 F. App'x 299, 304 (5th Cir. 2007).

---

[1] In its June 18, 2025, Order, the Court cautioned "the *pro se* Plaintiff here that inundation of correspondence, declarations, and other miscellaneous documents will not advance the *pro se* Plaintiff's cause; rather, he should limit his filings to actual pleadings and appropriate motions and avoid repeated amendments in piecemeal fashion." [Doc. 33] at 4. Despite this warning, the excessive, piecemeal filings in this case have continued.
[2] The Court notes that the newest motion to amend [Doc. 89] is not yet ripe.

**Plaintiff's Motion for Leave to Supplement the Record [Doc. 44], Motion to Restrict Exhibits D and E [Doc. 45], Motion for Leave to Supplement the Record [Doc. 61], Motion to Restrict Exhibits F-1 through F-6 [Doc. 62]**

In support of his motions to supplement the record, Plaintiff cites to Federal Rule of Civil Procedure 15(d), which provides: "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened **after** the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added). "A supplemental pleading is, in substance, an amended pleading, but related to events subsequent to the pleading to be altered." *Soutullo v. Smith*, 519 F. Supp. 3d 365, 378 (N.D. Miss. 2021) (internal citations omitted). "While the text of Rule 15(a) provides that leave should be freely granted, the text of Rule 15(d) does not similarly provide. Rule 15(d) is clear that the court *may* permit a supplemental pleading setting forth changed circumstances." *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998). When deciding whether to allow supplementation, the court should consider the totality of the circumstances, such as: "(1) undue delay, (2) bad faith or dilatory motive by the movant, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, or (5) futility of amendment." *Jackson Women's Health Org. v. Dobbs*, 379 F. Supp. 3d 549, 551 (S.D. Miss. 2019), *aff'd*, 951 F.3d 246 (5th Cir. 2020).

In this instance, the requests to file supplemental pleadings must be denied, as there has been no showing of "changed circumstances" which warrant supplementation of the Second Amended Complaint. A review of Plaintiff's two motions to supplement the record reveal that he is attempting to supplement the record with documentation of various transactions, occurrences or events that occurred *prior to* the filing of his operative Second Amended Complaint on June 20, 2025.

With regard to the first motion to supplement filed on June 30th, *none* of the proposed exhibits concern events that occurred after the filing of the June 20, 2025, Second Amended Complaint. *See* [Doc. 44] at 2-3. In his second motion to supplement filed on July 16th, only two of the numerous exhibits listed reference dates *after* the filing of the amended complaint on June 20, 2025: the June 29 SmartCredit screenshot and SmartCredit report screenshot from July 7. *See* [Doc. 61] at 2. Considering the totality of the circumstances, none of the five factors weigh in favor of supplementation of the record for two SmartCredit screenshots.

Plaintiff also cites to Federal Rule of Civil Procedure 56(e) in support of the two motions to supplement the record. Fed. R. Civ. P. 56(e) provides as follows:

> (e) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> **(1)** give an opportunity to properly support or address the fact;
> **(2)** consider the fact undisputed for purposes of the motion;
> **(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
> **(4)** issue any other appropriate order.

Fed. R. Civ. P. 56(e). There is no summary judgment motion pending in this case. The only dispositive motions that have been filed are a motion to dismiss for failure to state a claim [Doc. 58] and a motion to compel arbitration [Doc. 87], both of which were filed by CarMax Business Services LLC. As such, Federal Rule of Civil Procedure 56(e) is inapplicable at this juncture.

For the reasons provided herein, Plaintiff's requests to supplement the record [Doc. 44; 61], and the corresponding requests to seal the exhibits related to said supplementation [Doc. 45; 62], shall be DENIED. Plaintiff is reminded that while he must plead sufficient facts to state a cause of action, his documentary evidence to support the same should be disclosed to opposing counsel by way of initial disclosures, supplemental initial disclosures, or discovery responses, as opposed to being filed on the docket.

4

**Plaintiff's Motion for Leave to File Final Amended Complaint [Doc. 68] and Motion to Restrict Exhibits F-7 to F-21 to Final Amended Complaint [Doc. 70]**

As for Plaintiff's Motion for Leave to File Final Amended Complaint [Doc. 68] and Motion to Restrict Exhibits F-7 to F-21 to Second Final Amended Complaint [Doc. 70], said motions must be denied. The *pro se* Plaintiff is reminded that "there can only be one complaint in a civil action." *WTW Inv. Co., Ltd. v. Jefferies, LLC*, 2018 WL 11430865, at *2 (N.D. Tex. June 13, 2018). After Plaintiff filed his Motion for Leave to File Final Amended Complaint [Doc. 68] and Motion to Restrict Exhibits F-7 to F-21 to Second Final Amended Complaint [Doc. 70], he then filed a Motion for Leave to File Supplemented Second Amended Complaint and Withdraw Prior Pleadings [Doc. 89], thereby mooting his prior requests to amend that remained pending at [Doc. 68] and [Doc. 70].

Since Plaintiff has effectively disavowed the interim proposed amended complaint, Plaintiff's Motion for Leave to File Final Amended Complaint [Doc. 68] and Motion to Restrict Exhibits F-7 to F-21 to Second Final Amended Complaint [Doc. 70] shall be DENIED. The Court will take up the most recent Motion for Leave to File Supplemented Second Amended Complaint and Withdraw Prior Pleadings [Doc. 89] when it is ripe.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion for Leave to Supplement the Record [Doc. 44], Motion to Restrict Exhibits D and E [Doc. 45], Motion for Leave to Supplement the Record [Doc. 61], Motion to Restrict Exhibits F-1 through F-6 [Doc. 62], Motion for Leave to File Final Amended Complaint [Doc. 68], and Motion to Restrict Exhibits F-7 to F-21 to Second Final Amended Complaint [Doc. 70] shall be and are hereby DENIED.

**SO ORDERED** this, the 6th day of August, 2025.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**