IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**COLBY HALL**                                                                                                                  **PLAINTIFF**

**v.**                         **Civil Action No. 3:25-cv-141-SA-JMV**

**EQUIFAX INFORMATION SERVICES, LLC, ET AL.**            **DEFENDANTS**

<u>**ORDER DENYING MOTION FOR ENTRY OF DEFAULT**</u>

      This matter is before the court on Plaintiff's Motion for Entry of Default as to Experian Information Solutions, Inc.[1] ("Experian") [Doc. 66]. Having considered the motion and the applicable law, for the reasons explained in more detail herein, the court finds Plaintiff's Motion for Entry of Default [Doc. 66] should be denied.

**Procedural History**

      The Plaintiff, who is proceeding *pro se*, initiated this action by filing a Complaint on May 6, 2025 [Doc. 1]. Following multiple attempts to file an amended complaint, on June 20, 2025, the Court entered an order [Doc. 38] permitting the filing of the Second Amended Complaint, which the Plaintiff filed on June 20, 2025. [Doc. 39]. On June 23, 2025, summonses were reissued to the defendants, one of which was Experian. [Doc. 41]. On June 30, 2025, Plaintiff filed a proof of service with the Court [Doc. 43]. The proof of service reflects that Plaintiff served Experian via United States Postal Service Priority Mail with tracking upon its alleged registered agent for service, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.[2] The

---

[1] Plaintiff refers to the Defendant interchangeably as Experian Information Solutions, Inc. and Experian Information Solutions, LLC.
[2] The docket also reflects a proof of service received by the Court and docketed on July 10, 2025, showing Plaintiff again attempted to serve Experian via United States Postal Service Priority Mail at CT Corporation System with additional documents, none of which appear to be the operative complaint and summons. [Doc. 53].

1

proof of service alleges that the Plaintiff mailed to CT Corporation System "a true and correct copy of the Second Amended Complaint filed in this matter;" and "All-court entered motions and orders served contemporaneously as required by service of process." [Doc. 43]. Plaintiff does not allege that a summons was included in the mailing. Plaintiff attaches a "delivery confirmation" as Exhibit A, which allegedly shows that the package was delivered to the "front desk/reception/mail room" on June 27, 2025. Plaintiff does not allege to have attempted service by any other means.

Plaintiff filed the instant motion for entry of default [Doc. 66] against Experian on July 21, 2025. The next day, on July 22, 2025, Experian, by and through its attorney Hiawatha Northington, filed an Answer [Doc. 72] to the Second Amended Complaint and its Disclosure Statement [Doc. 73].

## Law and Analysis

Federal Rule of Civil Procedure 55(a) provides:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).

However, before default can be entered, "the party must have been effectively served with process." *Jackson v. Sweet Sensations, LLC*, No. 3:10-CV-664-TSL-MTP, 2011 WL 13232544, at *2 (S.D. Miss. Apr. 14, 2011) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2682 (3d ed. 1998) and setting aside entry of default for failure to properly effect service of process). When applying for an entry of default under Rule 55(a), a plaintiff bears "the burden of establishing effective service of process." *Yowell v. Bd. of Supervisors of Hinds Cnty., Mississippi*, No. 3:23-CV-2969-KHJ-MTP, 2024 WL 218617, at *2

(S.D. Miss. Jan. 19, 2024), *leave to appeal denied*, No. 3:23-CV-2969-KHJ-MTP, 2024 WL 313506 (S.D. Miss. Jan. 26, 2024). In this case, the Plaintiff has failed to meet that burden.

In *Yowell*, the United States District Court for the Southern District of Mississippi reasoned that:

> The Clerk's function at the entry of default stage is not merely a perfunctory one. Rather, he has a duty to examine the affidavits filed and satisfy himself that they meet the requirements of [Rule] 55(a). Because default cannot be entered without jurisdiction, and because jurisdiction requires proper service, the Clerk must have the authority under Rule 55(a) to inquire into the sufficiency of process. Otherwise, the Clerk would too often enter default against defendants the Court lacks jurisdiction over—a result that courts in this district have set aside in prior cases.

*Yowell*, 2024 WL 218617, at *2 (S.D. Miss. Jan. 19, 2024) (internal citations omitted).

"After the plaintiff 'effects service of process, . . . Rule 12 is triggered and then the defendant must answer the complaint or risk default.' *Id.* (citing Fed. R. Civ. P. 12). But until the plaintiff serves process, the defendant has 'no duty to answer the complaint' or otherwise defend the action. *Id.* (citing *Broad. Music, Inc. v. M.T.S. Enters., Inc.*, 811 F.2d 278, 282 (5th Cir. 1987)).

For service on a corporation in a judicial district in the United States, the Federal Rules of Civil Procedure provide two ways service can be properly effectuated. The first way to effectuate service is "prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) provides that service may be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

The second manner for serving a corporation under the Rules is to deliver "a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one

3

authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). Thus, service is proper by serving the registered agent of a corporation.

The Federal Rules of Civil Procedure do not provide for service of process by certified mail or priority mail. *See Byrd v. Comfort Inn-Tupelo, Mississippi*, No. 1:18-CV-00036-GHD-RP, 2018 WL 2306891, at *2 (N.D. Miss. May 21, 2018). Though the rules do provide for obtaining a *waiver* of service by mail, there is no indication that Defendant Experian has made such a waiver. *See* Fed. R. Civ. P. 4(d). In the event Plaintiff attempted to follow state law procedures for service of process, Mississippi's rule provides that service of process upon an entity can be made by mailing the appropriate documents to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Miss. R. Civ. P.(4)(d)(4). Miss. R. Civ. P. 4(c)(3) sets out the procedure for mailing as follows:

> (A) A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.
>
> (B) If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint may be made in any other manner permitted by this rule.

Miss. R. Civ. P. 4(c)(3).

As detailed above, "under Mississippi law, attempted service by mail is not effective unless the defendant returns an acknowledgment that service has been made." *Byrd*, 2018 WL 2306891, at *2 (N.D. Miss. May 21, 2018), citing Miss. R. Civ. P. 4(c)(3). Furthermore, as the U.S. District Court for the Southern District of Mississippi has held:

> Rule 4(c)(2) states that "[a]ny person who is at least 18 years old and **not a party** may serve a summons and complaint." (emphasis added). The Fifth Circuit has recognized that there is no mailing exception to the nonparty requirement for

service. *See Shabazz v. City of Houston*, 515 Fed.Appx. 263, 264 (5th Cir. 2013). Therefore, Rule 4(c)(2)'s prohibition of service by parties to a lawsuit applies even where a plaintiff attempts service by mail, and Plaintiff's service on Defendants is also deficient in this respect. *See, e.g., Finkley v. Shulkin*, No. 1:16CV290-LG-RHW, 2017 WL 1380468, at *1 (S.D. Miss. Apr. 11, 2017). Plaintiff cannot be both a party and a process server.

*Tootle v. Dawson*, No. 1:17CV154-LG-RHW, 2017 WL 3367125, at *1 (S.D. Miss. Aug. 4, 2017).

In this case, the Plaintiff himself mailed a copy of the Second Amended Complaint via Priority Mail, without a summons, to the Defendant's alleged registered agent, CT Corporation System. There is no record showing to whom the package was delivered other than delivery to the front desk/reception/mail room. Furthermore, no acknowledgment of service has been filed, and no other means of service were attempted. Based upon these facts, it would be improper for the Clerk to enter default against Experian under Fed. R. Civ. P. 55(a).

## Conclusion

For the foregoing reasons, Plaintiff's Motion for Entry of Default [Doc. 66] shall be and is hereby DENIED.

**SO ORDERED** this, the 7th day of August, 2025.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**