IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**COLBY HALL**   **PLAINTIFF**

v.   **Civil Action No. 3:25-cv-141-SA-JMV**

**EQUIFAX INFORMATION SERVICES, LLC, ET AL.**   **DEFENDANTS**

## ORDER GRANTING MOTION TO STAY

This matter is before the court on Defendant Trans Union, LLC's Motion to Stay this case pending a ruling on Trans Union's Motion to Dismiss for Failure to State a Claim [Doc. 154]. Plaintiff filed a response in opposition [Doc. 162], Trans Union filed its reply [Doc. 163], and co-Defendants Equifax and Experian filed joinders in support of the motion to stay [Doc. 164; 166]. Having considered the same, the Court is prepared to rule.

A district court has broad discretion to stay proceedings and exercise control of its own docket and the course of litigation, including the discovery process. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n. 114 (5th Cir. 1990) ("Trial courts possess broad discretion to supervise discovery."). If "resolution of a preliminary motion may dispose of the entire action", then staying discovery may be an appropriate course of action. *See Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. Feb. 4, 2003); *see also Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (explaining district court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."). The length of the stay may also be a relevant consideration. *See Sneed v. Abbot*, Civil Action No. 21-279-JWD-RLB, 2021 WL 2877239, at *4 (M.D. La. Jun. 29, 2021) ("Good

1

cause may be shown where a party has filed a dispositive motion, the stay is for a short time, and the opposing party will not be prejudiced by the stay.").

In weighing a motion for a stay, courts consider "(1) hardship and inequity on the moving party without a stay; (2) prejudice the non-moving party will suffer if a stay is granted; and (3) judicial economy." *See Strong ex rel. Tidewater, Inc. v. Taylor*, No. 11-392, 2013 WL 818893, at * 2 (E.D. La. Mar. 5, 2013).

As for the first factor, in its pending motion to dismiss for failure to state a claim [Doc. 149], Trans Union argues that Plaintiff's claims are without merit inasmuch as they fail to allege an inaccuracy, and that without an inaccuracy, Plaintiff's claims fail as a matter of law. Further, in its reply in support of the instant motion, Trans Union argues that "the mere potential for detailed, fact-intensive discovery, and the accompanying burden placed upon not only the parties, but the Court, is sufficient justification for a stay, especially in light of the dubious nature of Plaintiff's claims." [Doc. 163] at 3. Due to the extensive and broad discovery requested and/or disputed (including, for example, Plaintiff's requests for intake procedures, ACDV/e-OSCAR packets, data-dictionary materials, and the like), in addition to well over 600 pages of documents already produced by defendant Trans Union and alleged by Plaintiff to be insufficient, it appears clear to the Court that this factor weighs in favor of staying the case at this juncture.

The second factor requires the Court to consider potential prejudice that the Plaintiff will suffer if a stay is granted. Plaintiff argues, in conclusory fashion, that a stay would cause significant and undue prejudice to him, and would "freeze correction of ongoing inaccuracies, impair Plaintiff's preparation for the November 13 settlement conference, and prolong measurable harm." [Doc. 156] at 2. As for the November 13th settlement conference, said conference has been cancelled at the joint request of all Defendants, who contacted the undersigned's chambers to

2

advise that a settlement conference would not be fruitful at this juncture. Furthermore, in the event Trans Union's motion to dismiss is denied in whole or in part, the trial of this matter is not set until October 19, 2026 [Doc. 112], which allows the undersigned considerable leeway in extending case management order deadlines should the same be necessary. As such, this factor is neutral.

With regard to the third factor, Trans Union argues, "Trans Union's Motion to Dismiss does not require any discovery, and the parties—in the interest of judicial economy—should not expend any further time and resources discussing discovery deficiencies and demanding supplementation, requesting and conducting depositions on claims that are unlikely to survive dismissal." [Doc. 155] at 3. Trans Union further argues:

> staying discovery only serves to benefit the parties and the Court. *See Race v. Bradford County*, 3:18-CV-153-J-39PDB, 2019 WL 1755808, at *2 (M.D. Fla. Apr. 19, 2019) ("Because neither party needs discovery before a court resolves a dispositive motion based solely on a legal matter, staying discovery until then avoids potentially needless cost."). Given the potentially case-dispositive motion currently pending before this Court, it would save both the Court and the parties significant and valuable time, effort, and resources to briefly pause potentially pointless discovery while the Court determines whether Plaintiff has even stated a claim as against Trans Union in the first instance.

*Id.* at 4. The undersigned agrees with Defendant's analysis of the judicial economy factor and finds that this factor weighs in favor of staying the case pending a ruling on Trans Union's dispositive motion.

In conclusion, because resolution of a preliminary motion may dispose of the entire action or significantly limit the issues remaining in this case, the undersigned finds that a stay of the case in its entirety at this juncture is appropriate.

**THEREFORE, IT IS ORDERED** that the motion to stay [Doc. 154] is GRANTED and this case is hereby STAYED pending a ruling on Trans Union's Motion to Dismiss for Failure to State a Claim [Doc. 149].

**SO ORDERED** this, the 5th day of November, 2025.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**