IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

COLBY HALL                                                                   PLAINTIFF

v.                                        CIVIL ACTION NO. 3:25-CV-141-SA-JMV

EQUIFAX INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS, LLC; and
TRANSUNION, LLC                                    DEFENDANTS

ORDER

On October 21, 2025, Colby Hall, who is proceeding *pro se*, filed his Third Amended Complaint [129] against Equifax, Experian, and TransUnion.[1] He alleges violations of the Fair Credit Reporting Act ("FCRA"). Now before the Court is TransUnion's Motion to Dismiss [149], which is ripe for review. Having considered the parties' filings, as well as the applicable authorities, the Court is prepared to rule.

In his Third Amended Complaint [129], Hall alleges that on February 14, 2025, he mailed each of the Defendants (who are consumer reporting agencies) "a notarized dispute and identifier-correction packet demanding deletion of all name variations other than 'Colby Hall,' and disputing tradeline inaccuracies." [129] at p. 3. Although not referenced in the Third Amended Complaint [129], piecing together prior iterations of his complaint along with TransUnion's Memorandum [150], Hall's grievance appears to be related to the Defendants' reporting of his account with CarMax on his credit report.

For instance, in his original Complaint [1], Hall alleged that "[b]etween February 2025 and May 2025, Plaintiff submitted certified disputes to all three major credit bureaus: Experian,

---

[1] Hall styles the filing as a "First Amended and Supplemental Complaint," but it is his Third Amended Complaint [129].

Equifax, and TransUnion, detailing inaccuracies and requesting corrections to multiple closed tradelines." [1] at p. 8. He then went on to make specific allegations against TransUnion:

> TransUnion accepted disputes in February and again in May 2025, but rather than correcting the errors, TransUnion entirely suppressed a know tradeline—omitting it from Plaintiff's credit file altogether. This made the report incomplete and misleading, which is a violation of § 1681e(b), and TransUnion failed to provide any verification or reinsertion notice, violating § 1681i. Suppression of tradelines following a dispute is also considered deceptive under Miss. Code Ann. § 75-24-5.

*Id*.

The Third Amended Complaint [129] includes minimal background information but makes similar contentions. For example, it alleges that the Defendants "through at least August-September 2025 to publish [sic] multiple name variants and non-current addresses and employers on outputs, indicative of mixed-file conditions." [129] at p. 3. Specifically concerning TransUnion, Hall alleges that it "issued conflicting results under different internal file numbers between April and July 2025[.]" *Id*. at p. 4. Hall contends that TransUnion's conduct violated three different subsections of the FCRA.

In its Memorandum [150], TransUnion points out that the Third Amended Complaint [129] is conclusory in nature and falls below the requisite pleading standard. In short, TransUnion is correct. While a cursory review of Hall's filings makes clear that he is dissatisfied with some aspects of the Defendants' conduct, that alone is insufficient. He must plead *specific* facts to support *specific* causes of action—mere conclusory allegations are insufficient. *Middaugh v. InterBank*, 528 F. Supp. 3d 509, 533 (N.D. Tex. 2021) (citing *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992)) ("To avoid dismissal, pleadings must demonstrate specific, well-pleaded facts, not merely conclusory allegations.").

With that being said, "a plaintiff need not perfectly state the legal theory of his claims." *Scharklet v. Case Healthcare Solutions, Inc.*, 2023 WL 8259255, at *8 (N.D. Miss. Nov. 29, 2024) (citing *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 & n. 11 (5th Cir. 2015)) (additional citations omitted). And the Court is also cognizant that Hall is proceeding pro se and consequently should be extended *some* leniency. *See, e.g.*, *Amos v. Cain*, 2022 WL 610344, at *3 (N.D. Miss. Mar. 1, 2022) ("This Court is cognizant that leniency should be extended to *pro se* litigants . . . However, the Court cannot excuse the *Pro Se* Plaintiffs' failure to comply with the most fundamental requests[.]"); *Calhoun v. Hargrove*, 312 F.3d 730, 733-34 (5th Cir. 2002) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)) ("It is well-established that '*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers.'").

Taking all of these factors into consideration, the Court will provide Hall *one* additional opportunity to amend.[2] Hall shall file an amended complaint within 21 days of today's date. In the amended complaint, Hall shall set forth all facts relevant to each of his causes of action, bearing in mind the obligation to plead "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The amended complaint should include all relevant allegations and Hall should not assume that this Court will scour the previous versions of his complaint and other filings to piece together his grievances.

Should Hall fail to amend his complaint on or before December 16, 2025, the Court will dismiss this case *without further notice*. If appropriate, the Defendants may seek dismissal once an amended pleading is filed.

---

[2] Although Hall has already amended on previous occasions, none of those amendments were at the direction of the Court due to shortcomings in his filings.

In light of the foregoing, all pending Motions [7, 78, 149, 159, 160] are TERMINATED on the docket. This case remains STAYED until further Order of the Court.

SO ORDERED this the 25th day of November, 2025.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE